# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **TIRA FLOYD**, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civ. No. MJM-25-2003 |
| v. | * | |
| | * | |
| **TIDEWATER PROPERTY MANAGEMENT, INC.**, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM

Plaintiff Tira Floyd filed this putative collective action on behalf of herself and similarly situated employees of Tidewater Property Management, Inc. ("Defendant") alleging denial of overtime compensation in violation of the federal Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law. ECF 1. Thereafter, the Complaint was amended to join Mark Hoage as a second plaintiff. ECF 19 (Am. Compl.).

Currently pending is Plaintiff Floyd's Motion for Conditional Certification of Collective Action and Notice to Potential Plaintiffs ("the Motion") seeking court-authorized notice of this action to all current or former Property Managers who worked for Defendant at any time within three years of the date of entry of this Court's Order and an opportunity for these employees to opt-in to this action as plaintiffs. ECF 11. Defendant filed a Response in Opposition to the Motion, ECF 16, and Plaintiff Floyd filed a Reply in Support of the Motion, ECF 18. No hearing is

1

necessary to resolve the Motion. *See* Loc. R. 105.6. (D. Md. 2025). For the reasons that follow, the Motion will be granted, and distribution of notice will be subject to the parameters set forth herein.

I.    **BACKGROUND**

Defendant is a real estate services corporation formed under the laws of Maryland with its principal place of business in Owings Mills, Maryland. Am. Compl. ¶ 3. Plaintiff Floyd was employed by Defendant from approximately 2020 through May 27, 2025. *Id.* ¶ 6. Plaintiff Hoage was employed by Defendant from approximately January 2015 through February 2020 and then from approximately April 2021 until June 2023. *Id.* ¶ 7. Plaintiffs were salaried "Community Association Managers" (hereinafter, "Property Managers") and their job duties included interfacing with housing communities in Maryland with which Defendant had contracts. *Id.* ¶¶ 9–10. According to the Complaint, Plaintiffs' schedules required them to regularly work evening hours, attending board meetings of condo associations and attending to other responsibilities, as well as working normal business hours at Defendant's office. *Id.* ¶ 11. Floyd worked on average 54.5 hours per week, and Hoage worked approximately 60 to 70 hours per week while employed by Defendant. *Id.* ¶¶ 13, 15. Plaintiffs allege that Defendant had knowledge of all hours that Plaintiffs worked, expected Plaintiffs to work these hours, and failed to pay Plaintiffs at the required overtime pay rate of one-and-one-half times their regular rates. *Id.* ¶¶ 16–18. Plaintiffs allege that Defendant avoided overtime pay by making Property Managers salaried employees and regarding them as "exempt" for purposes of overtime pay. *Id.* ¶ 11.

In October 2025, Plaintiff Floyd filed the presently pending Motion, accompanied by a supporting memorandum and a declaration as well as two supporting exhibits. *See* Pl. Mot. (ECF 11); Pl. Mem. (ECF 11-1); Pl. Decl. (ECF 11-2); Pl. Exs. 2 & 3 (ECF 11-3, 11-4). In the Motion,

Plaintiff Floyd requests that this Court order conditional certification of a putative collective of similarly situated employees, authorize distribution of opt-in notices to putative collective members, and order Defendant to provide to Plaintiffs full names, addresses, email addresses, and phone numbers of potential plaintiffs for distribution of notice. Pl. Mem. at 7.

While Defendant does not meaningfully oppose the conditional certification of the proposed collective, Defendant objects to several aspects of Plaintiffs' proposed notice and reminder notice. *See* Def. Opp'n (ECF 16) at 2. Defendant requests several alterations. These alterations include limiting notice to email and U.S. mail and excluding notice via text message, modifying the notice language to explicitly clarify the implications of joining the collective, and adding defense counsel contact information. *Id.* Defendant also wholly opposes Plaintiffs' proposed reminder notice. *Id.*

In reply, Plaintiff Floyd asserts that distribution of notice via text message—the mode of notice Defendants seek to omit—is customary in the jurisdiction to ensure notice to potential collective members. Pl. Reply (ECF 18) at 4, 6–7. Plaintiff Floyd does not oppose modifying the notice as requested by Defendant, though she requests adding a statement that defense counsel is obligated to represent the interests of Defendant and has no obligation to notice recipients. *Id.* at 5.

## II.     STANDARD OF REVIEW

The FLSA requires employers to pay non-exempt employees at a rate one-and-one-half times their regular pay rate for any hours worked longer than forty hours in a workweek. 29 U.S.C. § 207(a). A non-exempt employee may, on her own behalf or on behalf of other "similarly situated" employees, file an action against an employer to recover unpaid overtime compensation. 29 U.S.C. § 216(b). The statute establishes an "opt-in" scheme whereby similarly situated employees "notify

the court of their intentions to be a party to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762 (D. Md. 2008) (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)). The remedial purposes of FLSA collective actions have been summarized as follows:

> First, collective actions allow plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." . . . Second, collective actions allow the courts efficiently to resolve common issues in one proceeding. . . . Third, FLSA collective actions promote enforcement of the law by empowering employees to "join in their litigation so that no one of them need stand alone in doing something likely to incur the displeasure of an employer."

*Jackson v. Am. Elec. Warfare Assocs., Inc.*, Civ. No. TDC-22-1456, 2023 WL 5154518, at *2 (D. Md. Aug. 10, 2023) (quoting *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989), and *Pentland v. Dravo Corp.*, 152 F.2d 851 (3d Cir. 1945)).

If a plaintiff pursues a collective action against an employer, "they may seek court-approved notice to inform similarly situated employees that they may join the litigation." *Santos v. E&R Servs., Inc.*, Civ. No. DLB-20-2737, 2021 WL 6073039, at *2 (D. Md. Dec. 23, 2021) (citing *Hoffman–La Roche*, 493 U.S. at 169–70). In its discretion, the district court may facilitate notice to potential plaintiffs in appropriate cases. *See Kneppar v. Elevance Health Companies, Inc.*, Civ. No. 23-863, 2024 WL 1156406, at *2 (D. Md. Mar. 18, 2024) (citations omitted).

Most courts in this circuit employ "a two-step inquiry when deciding whether to certify a collective action under the FLSA." *Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 605 (D. Md. 2020). At the first step, the plaintiff must provide "a minimal evidentiary showing that" the potential additional plaintiffs are similarly situated. *Id.* "Determinations of the appropriateness of conditional collective action certification … are left to the court's discretion." *Li v. Escape Nails & Spa, LLC*, Civ. No. DKC 23-1487, 2024 WL 2728497, at *2 (D. Md. May

4

28, 2024)). Plaintiffs "may rely on 'affidavits or other means,' such as declarations and deposition testimony, to make the required showing." *Id.* (cleaned up) (citing *Williams v. Long*, 585 F.Supp.2d 679, 684–85 (D. Md. 2008)).

If the Plaintiff makes the minimal showing required, then "court-facilitated notice to the putative [plaintiffs is] appropriate." *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 687 (D. Md. 2010). At the second step, following discovery, "the court engages in a more stringent inquiry to determine whether the plaintiff class is [in fact] 'similarly situated' in accordance with the requirements of § 216, and renders a final decision regarding the propriety of proceeding as a collective action." *Id.* at 686 (D. Md. 2010) (quoting *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007)).

### III. DISCUSSION

#### A. The Proposed Collective

Plaintiff Floyd requests, for purposes of court-authorized notice of this action, conditional certification of a putative collective. She defines the putative collective as "all current or former Property Managers who worked for Defendant at any time within three years of the date of entry of this Court's Order granting this Motion." Pl. Mem. at 1; Pl. Reply at 1. Although Defendant contends "the evidence will ultimately show that collective action is improper based on the individualized nature of working conditions and circumstances of each of Tidewater's Community Association Managers," Def. Opp'n at 1, Defendant does not meaningfully challenge conditional certification of Plaintiffs' proposed collective.

The Court must determine whether Plaintiff Floyd has made a modest showing that the above-described group of employees are similarly situated to Plaintiffs and that she and the putative collective members were subject to a common policy or plan by Defendant that violated

the FLSA. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 568 (D. Md. 2012). "[T]his inquiry will be limited . . . because courts are not to 'delve into the merits' of the case[]" at the notice stage. *Biscardi v. Gov't Emps. Ins. Co.*, Civ. No. GJH-21-2240, 2023 WL 155238, at *4 (D. Md. Jan. 11, 2023) (quoting *Blake v. Broadway Servs., Inc.*, Civ. No. CCB-18-086, 2018 WL 4374915, at *3 (D. Md. Sept. 13, 2018)).

"Plaintiffs are similarly situated when they raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from similar job requirements and pay provisions." *Calderon v. Geico Gen. Ins. Co.*, Civ. No. RWT-10-1958, 2011 WL 98197, at *4 (D. Md. Jan. 12, 2011) (quoting *Robinson v. Empire Equity Grp., Inc.*, Civ. No. WDQ-09-1603, 2009 WL 4018560, at *2 (D. Md. Nov. 19, 2009)). "Stated otherwise, plaintiffs are similarly situated when there is a demonstrated similarity among individual situations, and some factual nexus that binds the named plaintiffs and potential class members together as victims of a particular alleged policy or practice." *Yeibyo v. E-Park of DC, Inc.*, Civ. No. DKC-07-1919, 2008 WL 182502, at *7 (D. Md. Jan. 18, 2008) (citation omitted). They "must be similarly situated with respect to their job requirements and with regard to their pay provisions[,]" but "the positions need not be identical, only similar." *Id.* (citation omitted). "[G]ranular differences in job titles and duties" cannot defeat a preliminary showing of similarity sufficient to justify conditional certification. *Learing v. Anthem Cos.*, No. 21-cv-2283-KMM/JFD, 2022 WL 594378, at *5 (D. Minn. Feb. 28, 2022). Rather, at the notice stage, a plaintiff's showing of similarity should "be considered at a higher level of abstraction." *Kneppar*, 2024 WL 1156406, at *4 (quoting *Midkiff v. Anthem Companies, Inc.*, 640 F. Supp. 3d 486, 495 (E.D. Va. 2022) (citation omitted)).

Here, Plaintiff Floyd has made an adequate showing that she and the proposed collective members are sufficiently similarly situated and have been subjected to the same alleged

misclassification of exemption from overtime pay. Pl. Mem. at 2, 6. Members of the proposed collective all shared the title of Property Manager. Pl. Decl. ¶ 4. In her declaration, Plaintiff Floyd attests to three specific names of other salaried Property Managers with whom she discussed working overtime hours without compensation. *Id.* ¶ 5. Plaintiff Floyd also notes the fact that she observed specific, common work responsibilities that other Property Managers employed by Defendant undertake outside of normal work hours. *Id.* ¶ 6. These responsibilities include working on-site at properties, attending evening meetings, and making work calls/emails outside of normal work hours. *Id.* ¶ 6. Plaintiff Floyd also attests that her regular job duties included "interfacing with housing communities in Maryland with which Defendant had contracts and conducting property and resale inspections[,]" *id.* ¶ 1, and that these duties were "roughly the same" as those of other employees employed by Defendant with the title of "Property Manager." *Id.* ¶ 7. Plaintiff Floyd's evaluation of the shared typical job duties would only encompass the responsibilities of fifteen people, as that was the alleged number of people employed by Defendant with the job title of "Property Manager" during the relevant period. *Id.* ¶ 19. In sum, Plaintiffs have met their initial burden.

### B.  Content and Method of Notice

While Defendant does not meaningfully contest conditional certification of the proposed collective, Defendant does dispute Plaintiffs' proposed method of notice and its contents. *See generally* Def Opp'n.

Plaintiffs present a proposed notice form and draft communications they seek to distribute to Defendant's employees who may be members of the putative collective. *See* Pl. Exs. 2 & 3 (ECF 11-3, 11-4). Plaintiffs request that the Court authorize a notice period of 90 days; distribute the notice by U.S. mail, email, and text message; and distribute reminder notices by the same means 21 days before the end of the opt-in period. Pl. Mem. at 7–8; Pl. Prop. Order (ECF 11-5). Plaintiffs

assert that utilizing several methods of communication will "ensure that all relevant individuals receive notice." Pl. Mem. at 7. To effectively communicate notice via mail, email, and text message, Plaintiffs request the Court order Defendant to share the names, last known personal and business email addresses and phone numbers, and last known residential addresses of all Property Managers it employed "at any time within three years of the date of entry of this Court's Order granting this Motion." *Id.*

Defendant raises four primary issues in opposition to Plaintiffs' proposed notice. Defendant first objects to sending notice via text message and, relatedly, to the production of phone numbers of potential collective members, arguing that notice by text message is unnecessary when email is far less intrusive, risks ex-parte communications, and is unsupported by special circumstances. Def. Opp'n at 2–4. Defendant next objects to the language of the proposed notice, arguing that it is vague and must be cured by a clearer articulation of Defendant's position and of the possibility of participating in discovery and trial if joined in the collective action, as well as the inclusion of defense counsel contact information. *Id.* at 4–6. Defendant also notes that Plaintiff's proposed notice incorrectly identifies putative plaintiffs as "Property Managers," and Defendant suggests that the title should be revised to the correct job title, "Community Association Managers." *Id.* at 6. Finally, Defendant objects to the issuance of a reminder notice. *Id.* at 6–7.

In reply, Plaintiffs concede to Defendant's proposed modifications to the language in the notices, *see* Def. Exs. A & B (ECF 16-1, 16-2) with one additional change. Pl. Reply at 5. Plaintiffs request that, if defense counsel's name and address are included on the notice form, that information be accompanied by a disclaimer stating that "[d]efense counsel are obligated to represent the best interests of Defendant[] and have no legal obligation to you or your interest." Pl. Reply at 5.

8

Courts "have broad discretion regarding the details of the notice sent to potential opt-in plaintiffs." *Kneppar*, 2024 WL 1156406, at *6 (quoting *Firestone v. Food Concepts, LLC*, No. 2:22-CV-04020-BHH, 2024 WL 578454, at *6 (D.S.C. Feb. 13, 2024)). "Notices are expected to be 'timely, accurate, and informative,' so that potential plaintiffs can make informed decisions about whether to participate." *Id.* (quoting *Hoffmann-La Roche*, 493 U.S. at 170). "The goals of the notice are to make as many potential plaintiffs as possible aware of the action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Lazaar v. Anthem Companies, Inc.*, 678 F. Supp. 3d 434, 442 (S.D.N.Y. 2023) (cleaned up) (citation omitted). Yet courts "must take care to avoid even the appearance of judicial endorsement of the action." *Hoffman-La Roche*, 493 U.S. at 174.

First, the Court will allow notice by text message, in addition to postal mail and email. I find the late Judge Messitte's reasoning to be persuasive:

> From a practical standpoint, [three]-year-old mailing addresses may be outdated, but phone numbers and email addresses are more likely to have remained constant, which would facilitate contact with potential Plaintiffs who may have changed homes. In addition, potential collective action members who will be contacted by phone or email are the very same people who will be targeted with any mailing; the addition of other modes of communication simply increases the likelihood that these people will be reached. The Court sees little danger of "stirring up litigation" on the part of new litigants. Plaintiffs do not have to demonstrate a special need to justify the disclosure of phone numbers.

*Boyd v. SFS Commc'ns, LLC*, Civ. No. PJM 15-3068, 2017 WL 386539, at *3 (D. Md. Jan. 27, 2017). Defendant will be directed to produce all the contact information requested by Plaintiffs, including phone numbers and email addresses to the extent Defendant possess them.

Second, the Court finds that Defendant's proposed modifications to Plaintiff's notices are appropriate. *See* Def. Exs. A & B (ECF 16-1, ECF 16-2). Defendant's amended language serves to accurately indicate that Defendant denies Plaintiffs' allegations and that participation in the litigation may require testifying, taking part in discovery, or being deposed, but that potential plaintiffs may abstain from participation in the litigation by simply ignoring the notice. Def. Exs. A & B. Moreover, Plaintiffs do not dispute that "Community Association Managers" is the correct job title.

The Court also finds appropriate Plaintiffs' request that if defense counsel's name and address are included on the notice form, this information be accompanied by a disclaimer stating that "[d]efense counsel are obligated to represent the best interests of Defendant[] and have no legal obligation to you or your interest." Pl. Reply at 5. I find that

> [i]ncluding at least the names of counsel for both parties allays any concern that the Court, in endorsing the Notice, may appear to be endorsing the position or one side or the other. At the same time, … including the disclaimer tends to suggest to prospective collective action members who might be unfamiliar with the nuances of representation in litigation that one set of counsel proposes to represent them and the other to oppose them.

*Boyd*, 2017 WL 386539, at *4. Accordingly, the Court directs counsel to include this disclaimer requested by Plaintiffs.

Finally, the Court approves of Plaintiffs' proposed distribution of a reminder notice. "Courts in this district generally … allow reminder notices[.]" *Johnson v. Miss Toyas Creole House, LLC*, Civ. No. GLR-23-2821, 2025 WL 403704, at *4 (D. Md. Feb. 4, 2025) (collecting cases). However, the Court finds that the distribution of the subsequent reminder notice to potential collective members via all three requested modes of communication goes beyond the necessary means for effective notice and may give the appearance of judicial endorsement of this litigation.

10

*See Kneppar*, 2024 WL 1156406, at *6. Accordingly, the Court will authorize that the preliminary notices be sent via U.S. mail, text message, and email, and that reminder notices to be sent by email only, with the content of the agreed-upon, revised notice and reminder letters. Def. Exs. A & B.

In sum, the Court shall direct Defendant to disclose to Plaintiffs full names, phone numbers, and last-known e-mail and home address information for potential members of the putative collective; authorize initial distribution of Plaintiff's proposed notice form to collective members by U.S. mail, e-mail, and text message; and authorize reminder notices by email only, 21 days before the end of a 90-day notice period.

## IV.   CONCLUSION

Plaintiff Floyd's Motion for Conditional Certification and Court Authorized Notice Under the Fair Labor Standards Act (ECF 11) is GRANTED IN PART, and Plaintiffs' proposed notice and distribution plan is APPROVED with incorporation of the modifications described herein. A separate Order will issue.

__2/2/26__
Date

_____
Matthew J. Maddox
United States District Judge